IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN KEITH ALFORD, | ) | CASE NO. 4:10 CV 2542 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HENRY J. SADOWSKI, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Brian Keith Alford, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Henry J. Sadowski, the Regional Counsel of the Bureau of Prisons, J.T. Shartle, Warden at Elkton, and Lt. Gardner, an Elkton employee. He alleges that his personal property, including his glasses, a radio and boots approved for circulatory problems, was taken by prison officials. It appears that he has exhausted administrative remedies. Further, he alleges that he was placed in administrative housing in retaliation for refusing to withdraw his tort claim.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the following reasons, the Court finds the claims asserted in this action satisfy

these criteria.

Confiscation of Property

Plaintiff asserts that Defendants took his personal property, and he requests reimbursement. He filed a form seeking relief from the government under 31 U.S.C. § 3723. This section allows a person to pursue an administrative remedy for small claims. This statute is separate from the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. There is no judicial appeal of these decisions. As shown by the Complaint and Exhibits, Plaintiff was denied relief because he could not provide proof of his loss.

Further, Plaintiff cannot pursue a claim under the FTCA. For one, he has not exhausted his remedies for that claim. He filed on a form for Small Claims Property Damage, 31 U.S.C. § 3723. Even if he had exhausted his remedies under the FTCA, his claim falls under one of the exceptions. Relevant to this case is the exception for "[a]ny claims arising in respect of the assessment or collection of any tax or customs duty, or the detention of any ... property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). While the phrase plainly applies to the activities of customs officers, the words "[a]ny claims arising in respect of ... the detention of any ... property by ... any other law enforcement officer" has been interpreted by the United States Supreme Court to cover a claim for lost property by a federal inmate. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008).

In *Bivens v. Six Unknown Named Agents of Federal Bureau Narcotic*, 403 U.S. 388 (1971), the Supreme Court created a private right of action for damages against federal officers who are alleged to have violated a citizen's constitutional rights. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). *Bivens* involved Fourth Amendment rights, but its principle was extended

to the Eighth Amendment in *Carlson v. Green,* 446 U.S. 14, 19 (1980). In *Carlson,* the Supreme Court held that FTCA and *Bivens* actions are "complementary," rather than integrated causes of action. *See Carlson,* 446 U.S. at 20-21.

In order to state a claim under *Bivens*, a Plaintiff must allege that the individual Defendant was personally involved in the alleged deprivation of the Plaintiff's constitutional rights. *See Nwaebo v. Hawk-Sawyer,* 83 Fed. Appx. 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode,* 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)); *Kesterson v. Fed. Bureau of Prisons*, 60 Fed. Appx. 591, 592 (6th Cir. 2003); *see also Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir.2003) (to be subject to *Bivens* liability, a Defendant must have had "direct, personal participation" in the constitutional violation). The theory of *respondeat superior* is "fundamentally inconsistent with the import of *Bivens*." *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir.1978).

None of these Defendants took Plaintiff's property. In fact, he does not state who took his property. It clearly was not the Regional Counsel, the Warden, or the Lieutenant.

Retaliation

According to the Complaint and attached Exhibits, Plaintiff was called into the Lieutenant's office so an investigation of his claim could be conducted. The Lieutenant noted that he was claiming 100 stamps costing $1.00 each were missing from his property after an inventory conducted by Special Housing Unit ("SHU") Officer Dulak. Inmates in the SHU are limited to possessing no more than $26 in postage. Plaintiff was told that by signing the form, he was admitting to possessing contraband which is a disciplinary infraction. He became belligerent with the Lieutenant and tried to shout him down. That is why he was placed in administrative detention.

An inmate has a First Amendment right to file grievances against prison officials. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). To state a constitutional claim, however, Plaintiff must not only show he exercised this First Amendment right, but also must demonstrate that adverse actions were taken against him which were motivated, at least in part by the grievances he filed. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Complaint suggests Plaintiff was removed to segregation for allegedly being disrespectful and making threatening statements to an officer. There are no facts set forth in the Complaint which reasonably suggest these actions were based upon an intent to retaliate against Plaintiff, as opposed to being based on his conduct. Further, the rejection of a grievance and the placement of a prisoner in an administrative housing unit would not deter a person of ordinary firmness from filing grievances or from bringing a civil rights action in federal court. *See Muller v. Scott*, 2010 WL 3475174 * 4 -5 (W.D.Mich., Sep. 2, 2010).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: February 15, 2011

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE